TubNey, J.,
delivered the opinion of the Court.
An execution issued after the death of a party is valid, and a sale under it good when the execution is tested as of a term before the death of the party. The proceeding is regarded as against an individual in life, the execution that issued after the death bearing teste of a time when the party lived.
*267 By parity we bold that from a judgment rendered in tbe lifetime of a plaintiff, and in bis favor, tbe defendant may appeal at tbe term of tbe rendition, tbongb after tbe death of tbe plaintiff, tbe appeal and bond therefor having relation to tbe date of tbe judgment, and becoming a part of tbe record in tbe cause.
In contemplation of law, tbe appeal is prayed and granted, and tbe bond executed as of that day, although of actual date subsequent.
Otherwise, a defendant aggrieved might lose bis only means of redress, viz., by appeal, as by our law an appeal must be prayed, and tbe bond executed at the same term in which tbe judgment is rendered, and if a representative must qualify, or be appointed and qualified, and tbe suit revived in' bis name before tbe appeal can be taken, comparatively few cases in which a death occurs after judgment and during tbe term could be considered by an appellate court.
Upon tbe assignment by commissioners of a year’s support to tbe widow, tbe articles so assigned vest in tbe widow, as provided by statute, her title thereto, relating back to tbe moment of tbe death of tbe husband. Tbe administrator has no interest therein, and tbe widow may institute suit for their recovery, or have revived in her name a suit pending in tbe name of tbe husband to recover them at tbe time of bis death.
Tbe order of revivor is proper, and must stand.